IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:20-00093

BRANDON QUANE HUDSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Suppress (ECF No. 26). The Court held a hearing on the motion (ECF No. 30) and directed the parties to file supplemental briefing. The motion is now ripe for review. For the following reasons, the motion is **DENIED**.

I. BACKGROUND

On August 20, 2019, the Magistrate Judge granted an application for a search warrant of 909 7th Street, which officers believed to be Defendant's residence. In support of the application, Adrian Rosario, an officer with Huntington Police Department, submitted an affidavit describing a months-long investigation into a drug trafficking operation in Huntington, West Virginia. The primary subject of the investigation was Christopher Gray (also known as "Skinny"), who was believed to be the leader of the operation. During this investigation, officers also gathered information regarding Defendant, who is believed to be Gray's associate.

According to the Affidavit, a concerned citizen contacted the police department to report what they believed to be a drug sale at the intersection of 6th Street and 10th Avenue in Huntington, West Virginia. The individual stated that they observed a black male on a bicycle with gold teeth approach a black Chevrolet pick-up truck at the intersection and perform a hand to hand exchange. A few days later, investigators conducted surveillance in the area. During this surveillance, investigators saw an individual ride a bicycle up to a blue Chevrolet Cobalt. Huntington police

later stopped the Cobalt during a traffic stop and found 4.3 grams of methamphetamine. The passengers in the vehicle told the officers that they had just met with a black male with gold teeth, matching the concerned citizen's description. Investigators later found that both descriptions matched Defendant Brandon Hudson.

The Affidavit further states that investigators returned to the area the next day to conduct surveillance. They witnessed a gray Toyota Corolla park next to a blue Honda sedan for a short period of time. Investigators later stopped the Toyota Corolla and confirmed that Gray was operating the vehicle. Investigators found a box of plastic baggies, a digital scale, a torn off corner of a plastic baggie, two cell phones, and over $900. Investigators also followed the blue sedan and observed it parked in front of a residence at 909 7th Street. Next, the investigators saw Hudson exit the vehicle and enter the residence using a key. After an unspecified period of time, investigators saw Hudson leave the residence and walk toward the 700 block of 9th Avenue. Investigators briefly lost sight of Hudson but witnessed an individual leaving the area. Investigators approached the individual and found methamphetamine on his person. The individual cooperated with investigators and told them that he bought the methamphetamine from Defendant.

Based on these facts, the Magistrate Judge authorized the officers to search the 909 7th Street residence. Defendant now seeks to suppress all evidence seized pursuant to that search.

II. DISCUSSION

Defendant argues that the warrant was not supported by probable cause because it did not "establish a sufficient nexus between the alleged criminal conduct and the place to be searched." Def.'s Reply 5, ECF No. 35 (citing *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988)). Defendant cites cases in which the Fourth Circuit Court of Appeals held that this nexus cannot be established simply by a defendant's criminal conduct. Rather, the affidavit must contain some

information linking criminal conduct to the residence to be searched. In one such case, the Fourth Circuit held that a search warrant for defendant's residence was invalid where drug sales occurred elsewhere and there was otherwise no basis for the conclusion that evidence would be stored at the defendant's residence. *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993). Defendant argues that the affidavit in this case contains "a far looser connection . . . than *Lalor* and his residence" because the only evidence regarding 909 7th Street was the investigator's single observation of Hudson entering and exiting shortly before an alleged drug transaction.

However, even if the Court assumes that there was no probable cause to search 909 7th Street, the search warrant is valid under the good faith exception. *See United States v. Leon*, 468 U.S. 897, 925 (1984) (stating that a reviewing court may proceed to the good faith exception without first deciding whether the warrant was supported by probable cause). Under the good faith exception, even if a reviewing court determines that a search warrant is invalid, evidence obtained from that warrant "will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Lalor*, 996 F.2d at 1583 (quoting *Leon*, 468 U.S. at 926) (internal quotations omitted). The good faith exception applies unless "a reasonable well-trained officer . . . [should] have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23.

Defendant argues that the good faith exception should not apply because (1) "the magistrate acted as a rubber stamp for the officers and so 'wholly abandoned' his detached and neutral 'judicial role'" and (2) the "'warrant [is] so fatally deficient . . . that the executing officers cannot reasonably presume it to be valid.'" Def.'s Reply 6 (citing *United States v. Bynum*, 293 F.3d 192, 195 (4th Cir. 2002)).

Reviewing the warrant in its entirety, the Court finds that the good faith exception applies and that the officers held an objectively reasonable belief that there was probable cause to search the residence at 909 7th Street. As noted above, the affidavit included credible allegations that Defendant was associated with Christopher Gray's drug trafficking organization, and that he had conducted at least two drug sales before August 20, 2019. The warrant also stated that Defendant used a key to enter the residence, indicating that he lived or had permission to be there. Immediately after exiting the residence, investigators saw him walk to a nearby block. Investigators later learned from a cooperating witness that Defendant walked to that block to sell the individual methamphetamine. This evidence supports a reasonable inference that Defendant stored controlled substances at the 909 7th Street address.

As Defendant states, this evidence may also support other reasonable inferences. For instance, it is also possible that Defendant obtained the controlled substances from Christopher Gray earlier that day rather than when he entered the 909 7th Street residence. However, this inference does not make the officers' inferences or Magistrate Judge's findings unreasonable. In fact, the Fourth Circuit has held that "it is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key." *United States v. Grossman*, 400 F.3d 212, 218 (4th Cir. 2005) (citing *United States v. Williams*, 974 F.2d 480, 481 (4th Cir.1992)). Thus, the Court **DENIES** Defendant's motion.

The Court **DIRECTS** the Clerk to send a copy of this opinion to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

-5-

        ENTER:    January 19, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE